UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CR424-050 |
| ) | |
| DUANE B. SMITH, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Duane B. Smith is charged with a single count of possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1), and, prior to committing that offense, he was previously convicted of three or more crimes of violence or serious drug offenses, which qualify as predicate offenses under 18 U.S.C. § 924(e). *See generally* doc. 77 (Superseding Indictment). Although a superseding indictment has been filed, it only adds an additional alleged predicate offense, under § 924(e). *Compare* doc. 1, *with* doc. 77. Prior to the superseding indictment, Defendant moved to bifurcate trial of this case to preclude introduction of evidence of the predicate offenses during the presentation of the Government's evidence on the possession charge.

1

*See* doc. 73. During proceedings before the undersigned on February 6, 2025, Defendant confirmed that the superseding indictment did not alter his Motion to Bifurcate. *See, e.g.,* doc. 84 (Minute Entry). The Government responded in opposition to the Motion. *See* doc. 86. It is, therefore, ripe for disposition.

Defendant's Motion indicates that he discussed with the Government the possibility that he might stipulate to the fact that he was a felon, for purposes of the possession charge. *See* doc. 73 at 1-2. Counsel explained that he believed the alleged predicate convictions "would be a matter of sentencing for the Court . . . ." *Id.* at 2. In *Erlinger v. United States*, 602 U.S. 821 (2024), the Supreme Court confirmed that the "time-honored guarantee that a unanimous jury ordinarily must find beyond a reasonable doubt any fact that increases a defendant's exposure to punishment," *id.* at 836, applies to predicate offenses under § 924(e). *See id.* at 835. As Defendant points out, doc. 73 at 4-6, *Erlinger* recognized that trial courts may bifurcate proceedings so that "a jury is first tasked with assessing whether the government has proved the elements of the § 922(g) felon-in-possession charge. Then,

2

and only if it finds the defendant guilty, the jury turns to consider evidence regarding whether the defendant's prior offenses [qualify as predicate offenses] for purposes of applying [the Armed Career Criminal Act's] mandatory minimum sentence under § 924(e)." *Id.* at 847-48. Defendant requests that the Court apply that procedure in this case to avoid "the prejudice that three[, now four] prior felony offenses might have on a jury's decision . . . ." Doc. 73 at 4.

The Government's response points out that, in its case-in-chief to prove Smith violated § 922(g), it must prove, among other elements, that "he knew he had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year when he possessed [a firearm]." Doc. 86 at 2 (quoiting *Rehaif v. United States*, 588 U.S. 225, 227 (2019) (internal quotation marks omitted). It also represents that Smith has refused to stipulate to his felon status. *Id.* Because he refuses to stipulate to that status, the Government intends to introduce evidence of all his alleged prior felony convictions. *See id.* at 3 (citing *United States v. Clark*, 32 F.4th 1080, 1091 (11th Cir. 2022); *United States v. Jones*, 266 F. App'x 886, 891 (11th Cir. 2008)). As the

3

Government correctly points out, *id.*, "[w]here evidence of prior convictions would have been admissible regardless, a district court does not abuse its discretion in refusing to bifurcate a trial." *United States v. Key*, 2021 WL 3674118, at *2 (S.D. Ga. June 24, 2021) (citing *United States v. Hodges*, 616 F. App'x 961, 966 (11th Cir. 2015)).

Since "evidence of [Smith's] prior convictions would [be] admissible in both stages of the trial [if it were] bifurcated," Smith has failed to identify any "compelling prejudice" from their introduction. *Hodges*, 616 F. App'x at 966. Accordingly, his Motion to Bifurcate is **DENIED**. Doc. 73.

**SO ORDERED**, this 10th day of February, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA